28   373
4ap342

# HUGH CONAUGHTY, APPELLANT, v. THE SARATOGA COUNTY BANK, RESPONDENT.

*Extra allowance — when it is to be computed upon the value of a corporate franchise — how the value of the franchise is to be determined.*

In this action, brought by a stockholder of the defendant, The Saratoga County Bank, the complaint alleged that the bank and its directors had committed unlawful and improper acts, and prayed for an injunction restraining the defendant from exercising its corporate rights, and from making any payments or transferring any of its property. Upon an application for an extra allowance made by the defendant after a dismissal of the complaint: ·

*Held,* that the subject-matter involved, upon which the extra allowance should be computed, was the value of the corporate franchise.

That the value of the franchise was, at least, as much as the value of the assets · of the corporation over and above all debts due from it.

APPEAL from an order made at a Special Term, granting to the defendant, on the dismissal of the complaint herein, an extra allowance of costs.

*Robertson & Foster,* for the appellant.

*Charles C. Ormsby* and *Nathaniel C. Moak,* for the respondent.

LEARNED P. J.:

This action was brought by a stockholder. The complaint alleged untrue reports by the officers of the defendant, the improper making of dividends and illegal sales of stock by them; and illegal discounts made by the defendant. It asked an injunction against the defendant to restrain the exercise of corporate rights, and to restrain any payments of money or transfers of property.

There was an answer and a trial was had. There is no doubt

that the case was difficult and extraordinary; and that the successful party was entitled to an extra allowance, to be computed upon the value of the subject-matter involved.   (Code Civil Pro., § 3253.) The questions are, what is that subject-matter and what is its value?

The opinion of the learned justice indicates that he considered the value of the total assets of the bank to be the proper basis. And, as the capital was $100,000, and the bank was solvent, he allowed $1,000.

It seems to me that the subject-matter involved was the existence of the franchise, and that the value of the franchise should be the basis of computation.   Of course, the value of the franchise is, at least, as much as the value of the assets after the payment of the debts.   Generally, that is all the value of a bank franchise under a free banking system.

I have examined the cases on this question of extra allowance. They are well known, and it is not necessary to cite them.   They seem to me to sustain the view above stated, both as to the subject-matter involved and as to its value.   It seems to me, then, that it is not the nominal value of the stock, but its actual value which should be the basis upon which an allowance may be made.   And a difficulty arises that there seems to be no distinct proof on this point. It is found by the referee that the defendant is not insolvent.   But it would not be insolvent, if it could pay its debts; although there was nothing left, after such payment, for the stockholders.   Perhaps it was understood by the learned justice that the stock was worth par; and if this were so, then in my judgment the allowance was within the limit of the statute.   There was no affidavit in opposition to the motion, showing that the actual value of the stock was less than its nominal value.   And no suggestion to that effect is made by the appellant's brief.   It is therefore fair to understand that, when the affidavit of the moving party stated that the capital stock had been reduced to $100,000, it meant to assert that amount to be its real, as well as its nominal value.   This, too, may be what is meant by the learned justice when he speaks of the bank as solvent.

I think, therefore, that what may conveniently be called the franchise, that is, the value of the corporation, over and above its debts, was the subject-matter involved; and that this must be understood to be at least $100,000.

It is urged by the appellant that the case is an unfortunate one for the defeated party, and therefore no allowance should be made. (*Losee v. Bullard*, 54 How., 319.) This reasoning should be addressed to the legislature. For my own part, I think the provision permitting extra allowance in difficult cases is unwise, and that it often operates unjustly; but it has been established for many years, and courts have only to enforce it. I see nothing in this case which should prevent the successful party from having this allowance. On the matter of discretion the learned justice was as competent to decide as this tribunal can be.

The order should be affirmed, with ten dollars costs and printing disbursements.

Present — LEARNED, P. J., and WESTBROOK, J.; BOCKES, J., not acting.

Order affirmed, with ten dollars costs and printing disbursements.